United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| STANFORD HOSPITAL AND CLINICS, | CASE NO. 5:11-cv-01271 EJD |
|---|---|
| Plaintiff(s), | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| GUARANTEE TRUST LIFE INSURANCE COMPANY, et. al., | [Docket Item Nos. 16, 21] |
| Defendant(s). | |

Presently before the court is Defendant Cinergy Health and Life, Inc.'s ("Cinergy") Motion to Dismiss the Complaint ("Motion") filed by Stanford Hospital and Clinics ("Stanford Hospital") against Cinergy and Defendant Guarantee Trust Life Insurance Company (collectively, "Defendants") for unpaid medical services provided to a purported insurance beneficiary. See Docket Item Nos. 16, 21. Cinergy filed written opposition to the Motion, and the court heard oral arguments from the parties. Having reviewed this matter in its entirety, the Motion will be granted in part and denied in part for the reasons explained below.

## I.   FACTUAL BACKGROUND

The court provides relevant factual allegations from the Complaint for the purpose of context. Stanford Hospital and Defendants are parties to a particular contract with Multiplan, Inc., known as the Multiplan Provider Network Contract ("MPNC"). See Compl., at ¶¶ 8-14. Pursuant to the MPNC, Stanford Hospital agreed to render medical care to Defendants' insurance beneficiaries

at certain discounted rates, while Defendants agreed to pay Stanford Hospital at those rates for any charges associated with medical care provided to Defendants' beneficiaries. See id., at ¶¶ 13, 14.

On or about October 14, 2008, Defendants issued to Stanford Hospital an oral authorization to provide medical services to one of their beneficiaries, referred to herein as Patient F.G. See id., at ¶¶ 15, 16. Relying upon such authorization, Stanford Hospital treated Patient F.G. from October 15, 2008, through October 16, 2008. See id., at ¶¶ 16, 17. The total billed charges for services provided to Patient F.G. amounted to $79,065.50, or $59,299.12 after discounts based on the MPNC. See id., at ¶¶ 18, 20. Stanford Hospital submitted a timely claim for payment to Defendants, but Defendants failed to pay. See id., at ¶¶ 19, 22.

Stanford Hospital filed the instant case to recover payment. This Motion followed.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). Moreover, the factual allegations "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face." Twombly, 550 U.S. at 556-57.

When deciding whether to grant a motion to dismiss, the court generally "may not consider any material beyond the pleadings." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990). The court must generally accept as true all "well-pleaded factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009). The court must also construe the alleged facts in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). However, the court may consider material submitted as part of the complaint or relied upon in the complaint, and may also consider material subject to judicial notice. See Lee v. City of Los Angeles, 250 F.3d 668, 688-69 (9th Cir. 2001). "[M]aterial which is properly

submitted as part of the complaint may be considered." Twombly, 550 U.S. at 555.  But "courts are not bound to accept as true a legal conclusion couched as a factual allegation." Id.

### A. Breach of Written Contract

Cinergy argues that Stanford Hospital has not sufficiently plead a cause of action for breach of written contract.

Under California law, a claim for breach of contract requires: "(1) existence of the contract; (2) plaintiff's performance or excuse of nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach." CDF Firefighters v. Maldonado, 158 Cal. App. 4th 1226, 1239 (2008).

As to the first element, "[a] written contract may be pleaded either by its terms–set out verbatim in the complaint or a copy of the contract attached to the complaint and incorporated therein by reference–or by its legal effect." McKell v. Washington Mutual, Inc., 142 Cal. App. 4th 1457, 1489 (2006).  Here, Stanford Hospital relies on the MPNC as the basis for this claim, which is neither attached to the Complaint nor are its specific provisions laid out verbatim.  As such, Stanford Hospital must plead the MPNC according to its legal effect to satisfy its pleading burden.  It has done so.

According to the Complaint, the effect of the MPNC was that "Stanford Hospital agreed to render medically necessary care to Defendant's [sic] beneficiaries at certain discounted rates; in exchange, Defendants agreed to pay Stanford Hospital at those specified discounted rates for the charges associated with that medical care rendered to Defendant's beneficiaries." See Compl., at ¶ 13. With regard to Patient F.G., Stanford Hospital alleges that such individual "was a beneficiary of the health care service plan administered, sponsored and/or funded by Defendants," that Stanford Hospital provided treatment to Patient F.G. over two days in October, 2008; that Stanford incurred treatment costs of $79,065.50 or $59,299.12 after adjustment for contracted discounts, and that Defendants failed to pay pursuant to the MPNC after a timely claim was made. See id., at ¶¶ 15, 18, 19-22.  The court finds these allegations - including those others which detail the effect of the MPNC - sufficient to meet the Rule 8 pleading standard.  See Evans v. McDonald's Corp., 936 F.2d

3
Case No. 5:11-cv-01271 EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

1087, 1091 (10th Cir. 1991) ("The purpose of 'fact pleading,' as provided by Fed. R. Civ. P. 8(a)(2), is to give the defendant fair notice of the claims against him without requiring the plaintiff to have every legal theory or fact developed in detail before the complaint is filed and the parties have opportunity for discovery.").

Cinergy's arguments to the contrary are unpersuasive. Specifically, the contention that the Complaint fails to allege the services provided to Patient F.G. were covered by the insurance contract is contrary to the allegation that Patient F.G. was indeed a beneficiary. See Compl., at ¶ 15. In addition, facts supporting a "ratification" are unnecessary under the current state of the Complaint because it appears the term is used only to emphasize the contracting parties' express adoption of the contract's provisions. See Compl., at ¶ 11 ("At all relevant times, Multiplan and Defendants [or Defendant's agent on behalf of Defendants] had entered into - and operated under - a separate written contract . . . ."). Finally, Cinergy's argument that it is not a party to the MPNC or the underlying insurance contract is beside the point at this point in the proceeding. While that contention may ultimately prove true after the completion of discovery, neither party has provided a copy of the MPNC for the court to review.[1]

Accordingly, the Motion is denied as to the claim for breach of contract.

**B.     Breach of Oral Contract and Quantum Meruit**

    **1.     Statute of Limitations**

As to the claims for breach of oral contract and quantum meruit, Cinergy first argues they are barred by the statute of limitations. "A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" Von Saher v. Norton Simon Museum of Art, 592 F.3d 954, 969 (9th Cir. 2010) (quoting Huynh v. Chase Manhattan Bank, 465 F.3d 992, 997 (9th Cir. 2006)). "'[A] complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim.'" Id. (quoting Supermail Cargo, Inc. v.

---

[1] Since this is not a summary judgment motion and since the court does not wish to treat it as one, the Declaration of Steve Trattner is has not been considered to the extent it seeks to insert facts that are not the proper subject of judicial notice. See Arpin v. Santa Clara Valley Transp. Auth. Agency, 261 F.3d 912, 925 (9th Cir. 2001).

4

Case No. 5:11-cv-01271 EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

United States, 68 F.3d 1204, 1206 (9th Cir. 1995)).

The statute of limitations for an "action upon a contract, obligation or liability not founded upon an instrument of writing," is two years. Cal. Code Civ. Proc. § 339; Iverson, Yoakum, Papiano & Hatch v. Berwald, 76 Cal. App. 4th 990, 996 (1999). For claims based upon an oral contract, the limitations period does not commence until the oral contract is purportedly breached. Trs. of the Capital Wholesale Elec. Co. Profit Sharing & Trust Fund v. Shearson Lehman Bros., Inc., 221 Cal. App. 3d 617, 627 n. 4 (1990). For quantum meruit claims, the limitations period begins to run from the time the last service is rendered by the plaintiff to the defendant. Johnstone v. E & J Mfg. Co., 45 Cal. App. 2d 586, 588 (1941).

Turning to the Complaint, it is not apparent that the claim for breach of oral contract is barred by the statute of limitations. Stanford Hospital contends that Defendants breached its oral obligation when it failed to fully pay for the services provided to Patient F.G. in October, 2008. See Compl., at ¶ 33. Stanford Hospital also alleges that it made demands on Defendants for payment, but the date upon which these demands were made and subsequently left unfulfilled are not provided. See id., at ¶ 22. All that is actually known is that these demands came sometime after the services were rendered. Thus, although Stanford Hospital did not bring the breach of oral contract claim until January, 2011 - over two years after the services were provided - it is nonetheless possible the claim is timely. Defendants would not have breached the contract until they failed to pay, and the applicable limitations period would not have commenced until that date. So long as the failure to pay occurred within the two years preceding the filing of the Complaint, the claim is not barred.

The quantum meruit claim, however, does appear untimely as plead. Stanford Hospital's own allegations establish that the medical services at issue terminated on October 16, 2008. See id., at ¶¶ 16, 18. There are no other allegations in the Complaint which either demonstrate later medical services to Patient F.G. or support an equitable postponement of the statute of limitations. Because this claim is time-barred by § 339 under the current allegations, it will be dismissed with leave to

1 amend to allow for clarification.[2]

### 2. Failure to State a Claim

Cinergy also makes a multi-faceted attack on the sufficiency of the allegations for breach of oral contract.

First, Cinergy contends that the claim is barred by the statute of frauds because it is a "special promise to answer for the debt, default, or miscarriage of another," namely Patient F.G. Cal. Civ. Code § 1624. But Cinergy interprets the Complaint's allegations for its own purpose. Stanford Hospital contends that Defendants issued oral authorizations for the treatment of Patient F.G. as an individual covered by a health plan subject to the MPNC, and that Defendants would pay for the services by virtue of that fact. See Compl., at ¶¶ 16, 17, 30, 31, 36. Stanford Hospital is therefore not alleging that Cinergy made a "special promise" to pay for Patient F.G. but that Cinergy made a direct promise to pay. The statute of frauds is inapplicable.

Second, Cinergy argues the claim fails for lack of mutual consent since, in its reading of the allegations, the Complaint merely establishes that Defendants informed Stanford Hospital that Patient F.G. was a beneficiary of a qualifying health plan. For the purposes of contract formation, consent is not mutual unless the parties agree upon the same object in the same sense. Khajavi v. Feather River Anesthesia Med. Group, 84 Cal. App. 4th 32, 60 (2000). Cinergy again argues only its own interpretation of the Complaint. The court, however, must interpret it in the manner most favorable to Stanford Hospital. Love, 915 F.2d at 1245. As already stated in the preceding paragraph, Stanford Hospital alleges Defendants did more than simply verify coverage; the allegation is that Defendants also promised to pay for the medical care provided to Patient F.G. See Compl., at ¶ 17. Taking the allegations as true, consent was therefore mutual: Stanford would provide services for which Defendants would pay.

Third, Cinergy avers that consideration for the oral contract is lacking. The court rejects this argument since "[a]ny benefit conferred . . . upon the promissory, by any person, to which the promissory is not lawfully entitled, or any prejudice suffered . . . by such person . . . as an

---

[2] This determination precludes analysis of Cinergy's alternative argument that the quantum meruit allegations fail to state a claim.

United States District Court
For the Northern District of California

inducement to the promissory, is good consideration for a promise." Cal Civ. Code § 1605. "Consideration is an act or return promise, bargained for and given in exchange for a promise giving a benefit to the promisor or imposing a detriment on the promisee." Peterson Tractor Co. v. State Board of Equalization (1962) 199 Cal. App. 2d 662, 670 (1962). Here, Stanford Hospital alleges that it "promised to provide the necessary medical treatment to Patient F.G. in exchange for which Defendants promised to pay at the discounted rates found in the Multiplan Network Contract." See Compl., at ¶ 30. That allegation is sufficient at this stage.

Because the allegations establish a claim for breach of oral contract, the Motion to dismiss this claim will be denied.

### C. Negligent Misrepresentation

Regarding the final claim contained in the Complaint, Cinergy contends it is not plead with the particularity required by Federal Rule of Civil Procedure 9(b). The court agrees.

In California, the tort of negligent misrepresentation sounds in fraud. Bily v. Young, 3 Cal. 4th 370, 407 (1992) ("Negligent misrepresentation is a separate and distinct tort, a species of the tort of deceit."). In order to sufficiently plead a claim for fraud, a plaintiff must show: (1) misrepresentation; (2) knowledge of falsity; (3) intent to defraud or to induce reliance (4) justifiable reliance; and (5) resulting damage. Engalla v. Permanente Med. Group, Inc., 15 Cal. 4th 951, 974 (1997). And although the court looks to state law for the elements of the claim, a plaintiff must still meet the federal standard to plead fraud with particularity. Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009). The allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985). To that end, the allegations must contain "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007).

The court has made certain observations with this standard in mind. Within the Complaint, the alleged misrepresentation to pay for the medical services is generically attributed to "Defendants," rather than indicating which defendant made the fraudulent statement. It could be

7
Case No. 5:11-cv-01271 EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

1  both, but more specific facts are still required if that is the case. Identification of the individual at
2  Stanford Hospital who received the misrepresentation is also absent even though such information is
3  presumably accessible. It is similarly unclear how the misrepresentation was made - in person, over
4  the phone, or through some other medium. In addition, Stanford Hospital must state when
5  Defendants failed to pay to maintain this claim even though such facts may not be required for
6  others.

In short, the claim for negligent misrepresentation is incomplete under the stricter pleading standard which applies. Thus, it will be dismissed with leave to amend.[3]

### IV. ORDER

Based on the foregoing, Cinergy's Motion to Dismiss is GRANTED IN PART and DENIED IN PART. The claims for quantum meruit and negligent misrepresentation are DISMISSED WITH LEAVE TO AMEND. Any amended complaint must be filed within thirty days of the date this order is filed.

The court also schedules a Case Management Conference for **April 20, 2012, at 10:00 a.m.** The parties shall file a Joint Case Management Statement on or before **April 13, 2012.**

**IT IS SO ORDERED.**

Dated: March 1, 2012

　　　　　　　　　　　　　　　　　　EDWARD J. DAVILA
　　　　　　　　　　　　　　　　　　United States District Judge

---

[3] Stanford Hospital's request for judicial notice is GRANTED. Lee, 250 F.3d at 690 ("[W]hen a court takes judicial notice of another court's opinion, it may do so not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity.").